FILED '09 JUN 08 14:57 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRUCE A. MATHIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 07-1786-TC |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| BRIAN BELLEQUE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

COFFIN, Magistrate Judge.

Presently before the court is the represented petitioner's petition for habeas corpus relief made pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner challenges his convictions for Rape in the Second Degree and Sex Abuse in the First Degree. The counts involved his girlfriend's daughter, S.S., a child under the age of 14 years. Petitioner confessed on videotape and audiotape that he inappropriately touched S.S. over a long

1 - FINDINGS AND RECOMMENDATION

period of time in three different states, culminating with intercourse in Klamath County after they moved there in 2002. Petitioner entered a plea to one count of Rape in the Second Degree and one count of Sexual Abuse in the First Degree. The plea was entered pursuant to an agreement to dismiss one of the counts of rape and to resolve the possible charges in Alaska and Nevada. After accepting his plea, the court sentenced petitioner to 75 months on the rape and 75 months on the sexual abuse, to be served consecutively.

Petitioner submits 4 claims in which he asserts that he was denied adequate and effective assistance of counsel. Ground One relates to the voluntariness of his plea. In Ground Two, petitioner asserts that a critical piece of evidence was withheld from him, that it would have affected his plea and, as such, the plea was not voluntary as it was not knowingly and intelligently made.. Ground Three relates to counsel's failure to object to the use of his confession as he was on pain killers and alcohol and was sleep deprived at the time of the confession . Ground Four relates to counsel's advice regarding petitioner's right to appeal his consecutive sentences.

.

## DISCUSSION

### I.    Petitioner's First, Third and Fourth Grounds for relief are procedurally defaulted.

Respondent contends that petitioner did not "fairly present" his First, Third , and Fourth Grounds for relief to Oregon's Supreme Court as required by the doctrine of exhaustion and that, because these claims cannot now be fairly presented to Oregon's highest court, they are procedurally defaulted.

#### A.    Relevant law

Prior to raising a federal claim in a federal habeas corpus petition, a state prisoner

2 - FINDINGS AND RECOMMENDATION

challenging the lawfulness of his detention is required to exhaust all of his available state remedies. If a petitioner has failed to exhaust available state remedies and can no longer do so because of a procedural bar, the claim is procedurally defaulted. O' Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Failure to properly exhaust his remedies in state court precludes a petitioner from maintaining the claims in federal court unless the petitioner demonstrates both "cause" for the failure to exhaust and "prejudice" resulting from such failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); see also Wainwright v. Sykes, 433 U.S. 72 (1977). Defaults may also be excused by demonstrating a "fundamental miscarriage of justice." But doing so requires a showing of actual innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998).

**B.    Analysis in this case**

Represented petitioner does not expressly abandon these three claims, but merely submits them for this court's consideration on the existing record. Petitioner does not offer argument in opposition to respondent's persuasive argument. See p. 7 of Memo in Support of Petition (#22) and p. 7 of Response(#19). A review of the record indicates that the claims are indeed defaulted. Petitioner did not "fairly present" his First, Third and Fourth Grounds for relief to Oregon's Supreme Court as required by the doctrine of exhaustion. Moreover, these issues cannot now be fairly presented to Oregon's highest court. As such, they are procedurally defaulted and should be dismissed.

**II.    Ground Two and the AEDPA.**

Petitioner's remaining claim is not procedurally defaulted. In Ground Two, petitioner contends that his trial attorney provided ineffective assistance of counsel under the Sixth Amendment when she failed to show petitioner a letter from an expert that raised questions as to whether petitioner's

Oregon confession was voluntary.   Respondent argues that this claim should be dismissed as state court findings on this matter are entitled to deference.

A.    **Relevant law**

      1.    **Applicable law on AEDPA deference**

Petitioner filed his original petition for habeas corpus relief after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, AEDPA applies to the review of his petition.

The relevant portion of AEDPA amended 28 U.S.C. § 2254 by adding the following:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court determinations need not be deferred to in every case.  See Williams v. Taylor, 529 U.S. 362, 389 (2000)("If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail.").  However,

AEDPA plainly sought to ensure a level of deference to the determinations of state courts, provided those determinations did not conflict with federal law or apply federal law in an unreasonable way.  Congress wished to curb delays, to prevent "retrials" on federal habeas, and to give effect to state convictions to the extent possible under law.  When federal courts are able to fulfill these goals within the

4 - FINDINGS AND RECOMMENDATION

bounds of the law, AEDPA instructs them to do so.

<u>Williams</u>, 529 U.S. at 386 (citation omitted).[1]

**B.    <u>Analysis for this claim</u>**

Respondent's AEDPA argument for Ground Two appears to emphasize certain factual findings made by the state court and the deference that should be accorded those findings under 28 U.S.C. § 2254(d) (2) and (e)(1). Petitioner, in his subsequent opposition brief, acknowledges that certain factual findings and credibility determinations were made in state court, but emphasizes that certain issues were missing from the state court's factual analysis and findings and that such resulted in an unreasonable application of law to the particular facts of petitioner's case under 28 U.S.C. § 2254(d)(1). See p. p. 11-12 of Memo in Support (#22). As respondent has not had the opportunity to address this argument, it shall have 20 days to file a brief doing so. The brief shall address petitioner's arguments as to Ground Two and shall set forth respondent's entire position as to Ground Two with a factual analysis. Petitioner shall have 20 days thereafter to file an optional response.

---

[1]The <u>Williams</u> court also found different and independent meanings in the "contrary to" and "unreasonable application of" clauses of AEDPA. Under the "contrary to" clause, a federal court may only grant habeas relief if: (1) the state court applied a rule that contradicts the governing law set forth in Supreme Court caselaw; or (2) the case confronting the state court was materially indistinguishable from a Supreme Court decision yet the court nevertheless arrived at a result different from the Supreme Court precedent. <u>Id.</u> at 406. Under the "unreasonable application of" clause, a federal court may only grant habeas relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 412-13. The evaluation of reasonableness is tested against an objective standard. <u>Id.</u> at 409-10. The Court also noted that:

> [T]he most important point is that an <u>unreasonable</u> application is different from an <u>incorrect</u> application of federal law . . . In § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

<u>Id.</u> at 410-11 (emphasis in original).

5 - FINDINGS AND RECOMMENDATION

## **CONCLUSION**

For the reasons stated above, Grounds One, Three and Four of petitioner's petition (#3) for habeas corpus relief should be dismissed.   Respondent shall have 20 days to file supplemental briefing regarding Ground Two as set forth above and petitioner shall have 20 days thereafter to file and optional response.

DATED this 8ᵗ day of June, 2009.

_____

Thomas M. Coffin

United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION