FILED '09 OCT 13 11:41 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRUCE A. MATHIS, ) | |
| ) | |
| Petitioner, ) | Civil No. 07-1786-TC |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| BRIAN BELLEQUE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

COFFIN, Magistrate Judge.

Presently before the court is the represented petitioner's petition for habeas corpus relief made pursuant to 28 U.S.C. § 2254.

## **BACKGROUND**

Petitioner challenges his convictions for Rape in the Second Degree and Sex Abuse in the First Degree. The counts involved his girlfriend's daughter, S.S., a child under the age of 14 years. Petitioner confessed on videotape and audiotape that he inappropriately touched S.S. over a long

1 - FINDINGS AND RECOMMENDATION

period of time in three different states, culminating with intercourse in Klamath County after they moved there in 2002. Petitioner entered a plea to one count of Rape in the Second Degree and one count of Sexual Abuse in the First Degree. The plea was entered pursuant to an agreement to dismiss one of the counts of rape and to resolve the possible charges in Alaska and Nevada. After accepting his plea, the court sentenced petitioner to 75 months on the rape and 75 months on the sexual abuse, to be served consecutively.

Petitioner submitted 4 claims in which he asserted that he was denied adequate and effective assistance of counsel. Grounds One, Three and Four have been dismissed.[1]

Ground Two is presently before the court. In Ground Two, petitioner asserts that a critical piece of evidence was withheld from him, that it would have affected his plea and, as such, the plea was not knowingly and intelligently made and voluntary.

Petitioner contends that his trial attorney provided ineffective assistance of counsel under the Sixth Amendment when she failed to show petitioner a letter from an expert that raised questions as to whether petitioner's Oregon confession was voluntary. Respondent argues that this claim should be dismissed as state court findings on this matter are entitled to deference. In the initial round of briefing, respondent's argument for Ground Two appeared to emphasize certain factual findings made by the state court and the deference that should be accorded those findings under 28 U.S.C. § 2254(d)(2) and (e)(1). Petitioner, in his subsequent opposition brief, acknowledged that certain factual findings and credibility determinations were made in state court, but emphasized that

---

[1] Ground One related to the voluntariness of petitioner's plea. Ground Three related to counsel's failure to object to the use of his confession as he was on pain killers and alcohol and sleep deprived at the time of the confession. Ground Four related to counsel's advice regarding his right to appeal his consecutive sentences.

2 - FINDINGS AND RECOMMENDATION

certain issues were missing from the state court's factual analysis and findings and that such resulted in an unreasonable application of law to the particular facts of petitioner's case under 28 U.S.C. § 2254(d)(1). See p. p. 11-12 of Memo in Support (#22). As respondent did not have the opportunity to address this argument, he was given the opportunity to do so with a supplemental brief and petitioner was given the opportunity to respond.

As discussed below, Ground Two of the petition should be dismissed.

### A.  Relevant law

#### 1.  Applicable law on AEDPA deference

Petitioner filed his original petition for habeas corpus relief after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, AEDPA applies to the review of his petition.

The relevant portion of AEDPA amended 28 U.S.C. § 2254 by adding the following:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court determinations need not be deferred to in every case. See Williams v. Taylor, 529 U.S. 362, 389 (2000)("If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that

3 - FINDINGS AND RECOMMENDATION

independent judgment should prevail."). However,

> AEDPA plainly sought to ensure a level of deference to the determinations of state courts, provided those determinations did not conflict with federal law or apply federal law in an unreasonable way. Congress wished to curb delays, to prevent "retrials" on federal habeas, and to give effect to state convictions to the extent possible under law. When federal courts are able to fulfill these goals within the bounds of the law, AEDPA instructs them to do so.

Williams, 529 U.S. at 386 (citation omitted).[2]

### 2. **Applicable law on ineffective assistance of counsel claims**

Review of a claim of ineffective assistance of counsel involves a two part analysis.

A petitioner alleging ineffective assistance of counsel first must show that counsel "made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

---

[2]The Williams court also found different and independent meanings in the "contrary to" and "unreasonable application of" clauses of AEDPA. Under the "contrary to" clause, a federal court may only grant habeas relief if: (1) the state court applied a rule that contradicts the governing law set forth in Supreme Court caselaw; or (2) the case confronting the state court was materially indistinguishable from a Supreme Court decision yet the court nevertheless arrived at a result different from the Supreme Court precedent. Id. at 406. Under the "unreasonable application of" clause, a federal court may only grant habeas relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 412-13. The evaluation of reasonableness is tested against an objective standard. Id. at 409-10. The Court also noted that:
> [T]he most important point is that an unreasonable application is different from an incorrect application of federal law . . . In § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11 (emphasis in original).

4 - FINDINGS AND RECOMMENDATION

Id. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight.[3] Id. at 689-90. The reasonableness of counsel's actions "may be determined or substantially influenced by defendant's own statements or actions." Id. at 691.

The second part of the analysis looks at the consequence of any error counsel is found to have made. The error must have been "so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable." Id.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. The petitioner must affirmatively prove the prejudice. Id. at 693. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome . . ., and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. However, a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome of the case." Id. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Unless a petitioner shows both error and prejudice, "it cannot be said that a conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 686. Under AEDPA, the court reviews for objective unreasonableness the state court's conclusion as to whether counsel's performance was deficient or resulted in prejudice. Weaver v. Palmateer, No. 04-36009, slip op. 7871, 7884 n.9 (9th Cir. July 17, 2006) (citing Lambert v. Blodgett, 393 F.3d 943, 978 (9th Cir. 2004)).

---

[3] "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

5 - FINDINGS AND RECOMMENDATION

Finally, if a petitioner pleads guilty to an offense, to prove prejudice, he must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### B.     Analysis for this claim

As stated previously, petitioner contends that his trial attorney provided ineffective assistance of counsel under the Sixth Amendment when she failed to show petitioner a letter from an expert that raised questions as to whether petitioner's Oregon confession was voluntary. The letter is from Dr. Cooley. He stated in his letter that he had reviewed petitioner's taped confession. He further stated:

> Based on my review of the available data to this point it is my opinion that such an evaluation [of petitioner] is in all probability imperative. First your client claims that the confession was coerced. Frankly, on viewing the tapes it appears likely there were factors which should be considered by the court as it considers the validity of Mr. Mathis' confession. At his point I believe it would be most prudent for me to meet with Mr. Mathis and administer the tests and instruments necessary to make a final determination regarding whether or not the validity of his confession should be raised.

Ex. 112, Att. C (#121).

Petitioner testified in the form of a deposition that was offered as an exhibit at his PCR trial. Ex. 111. Petitioner initially testified in the deposition that he did not know that his attorney had hired Dr. Cooley to review his confession until petitioner had pled guilty and was in prison. Id. at 15. Then he modified that testimony, stating that trial counsel might have discussed Cooley with him and mentioned that she had talked to him, but that he never saw the letter. Id. at 21. He clarified that "the more accurate statement" was that he "didn't ever see the letter until I got [to prison]." Id. He then conceded that trial counsel may have mentioned that trial counsel hired Dr.

6 - FINDINGS AND RECOMMENDATION

Cooley, but stated that she "never discussed his findings." Id. at 22.

At the PCR trial petitioner also offered live testimony that trial counsel "never discussed that letter at all." Ex 113 at 5. He further stated that not seeing the letter had an influence on his decision to enter a guilty plea. Id. at 5-6.

The PCR court did not believe any of petitioner's testimony. Ex. 114. The PCR trial court had the opportunity to observe petitioner's testimony directly, and federal courts do not redetermine the credibility of witnesses whose demeanor has been observed by the State Court. Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

Petitioner's trial counsel apparently did not show petitioner the actual letter, which was addressed to counsel and not to petitioner who had an eighth grade education. But petitioner's trial counsel states in her affidavit that she "discussed Dr. Cooley's findings with regards to his confession." Exh 112 at 2. She also states in her affidavit that "[w]e discussed that this testimony could potentially, should Dr. Cooley's evaluation of him be favorable to us, allow us to explain to the jury why his 'confession' was not a confession." Id. at 2. Petitioner's counsel also stated in her affidavit that petitioner "was, however, aware that Dr. Cooley's testimony would not be able to be used if he did not testify and furthermore would not be a guarantee that the jury decide in his favor. He also was aware that if he took the case to trial here in Oregon he would afterwards face charges in the State of Alaska and potentially the State of Nevada as the District Attorney's office here would encourage the pursuit of such charges. Ex. 112, Att. C at 2-3.

In its written findings, the PCR court stated that it "believed the affidavit of Petitioner's counsel Evelyn in all particulars." Ex. 114. The PCR court orally made the express factual finding that petitioner and his counsel "discussed Dr. Cooley's letter." Ex. 113 At 15.

7 - FINDINGS AND RECOMMENDATION

Although petitioner contends that the findings were not explicit enough, in the circumstances of this case the PCR trial court's factual findings, included its credibility findings, were reasonable and adequate to support the court's reasonable legal conclusion that petitioner voluntarily, knowingly and intelligently waived his rights and pled guilty. These findings of fact are entitled to deference and petitioner has failed to establish adequate proof to overcome them. The PCR trial court's legal finding was a reasonable application of <u>Strickland</u> to the facts of petitioner's case. Moreover, this court finds that not showing petitioner Dr. Cooley's letter does not amount to wrongful error in the circumstances of this case and, even if it did, petitioner has not adequately shown prejudice by demonstrating that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.

All of petitioner's other arguments have been considered and found not persuasive.

## CONCLUSION

For the reasons stated above, Ground Two of petitioner's petition (#3) for habeas corpus relief should be dismissed and this action should be dismissed.

DATED this 13 day of October, 2009.

Thomas M. Coffin

United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION